THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* FRANCO ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in a Prosecution
for Violation of Section 519 of the Penal Code.

No. 844.—Decided February 25, 1916.

CRIMINAL INTENT—PRESUMPTION.—Although section 12 of the Penal Code pro-
vides that the intent or intention is manifested by the circumstances con-
nected with the offense and the sound mind and discretion of the accused,
and that a malicious and guilty intention is presumed from the manner and
deliberation with which an unlawful act is intended or committed, such pre-
sumption vanishes when it is shown that the act was committed without any
guilty intention.

TRESPASS—PROPERTY RIGHTS—PUBLIC NECESSITY—BENEFIT TO COMMUNITY.—Al-
though the purpose of section 519 of the Penal Code as amended by the Act
of March 8, 1906, is to protect rights of ownership against trespassers, yet
if the facts are of such a nature as to manifest the absolute necessity of
entering upon the property for the benefit of the community, it cannot be
held that the said offense has been committed.

ID.—PUBLIC NECESSITY—PROPERTY RIGHTS.—Where public convenience and neces-
sity come in conflict with private rights, the latter must yield to the former.

The facts are stated in the opinion.

*Mr. J. Henri Brown* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the Municipal Court of Fajardo Rafael T. Veve and
the appellants, Juan Franco and Carlos Font, were charged
with violating section 519 of the Penal Code as amended by
the Act of March 8, 1906, in that wilfully, maliciously and
with the intention to damage the private property of the ac-

cuser, Enrique Bird, they entered upon the said property without his consent or the consent of the person in charge thereof, who forbade them to enter, notwithstanding which they entered upon the said private property and cut several fronds from the coco palms growing thereon although the said property has been fenced in for more than a year and contains notices in both English and Spanish warning persons not to trespass thereon.

Veve having been acquitted in the municipal court, the other two defendants appealed from the judgment of conviction and after a trial *de novo* in the District Court of Humacao they were again convicted and took the present appeal from that judgment.

The parties agree as to the facts of the case, which, according to the evidence, are as follows:

The public-service corporation, the Porto Rico Railway, Light & Power Company, has a franchise to furnish the public with electricity for light and power and in accordance therewith has a line of wires strung for the purpose of conveying electric currents to the towns of Luquillo, Fajardo and Ceiba for public and private lighting. One night the electric current failed and these towns remained in darkness and also without electric power for the operation of the bakery motors, whereupon the company's foreman, Rafael T. Veve, investigated the cause of the interruption on the following day and found that it was caused by a short circuit resulting from the wires coming in contact with some fronds of coco palms, such contact being also capable of causing the fusion of the wires carrying a current of 4,400 volts, which is dangerous to human life. At that place the wires were strung at a height of thirty feet and the ladders used by the company were not sufficiently long to reach the palm fronds, therefore the appellants, following Veve's instructions and disregarding the protest of the caretaker of the property where the palms were growing and the fact that the property was fenced

in and contained notices in English and Spanish forbidding trespassing, entered the property and cut off the said fronds.

Section 519 of the Penal Code, as amended in 1906, on which the complaint is based and which is included in the chapter treating of malicious mischief, reads as follows:

"Any person wilfully or maliciously tearing down a fence without the consent of the owner or of the person in charge thereof to make passage through an enclosure, is guilty of a misdemeanor and punishable by a fine of not more than three hundred dollars. Any person entering upon the enclosed land of another without the consent of the owner or of the person in charge thereof is guilty of a misdemeanor and punishable by a fine of not more than fifty dollars, or by imprisonment not to exceed thirty days, or by both penalties, at the discretion of the court: *Provided,* That for thirty days before such entry the owner of the land shall have erected and maintained in one or more conspicuous places on the said piece of land, farm or plantation, a notice easily legible, in both the English and the Spanish language, warning all persons from entering on such land, farm or plantation."

In these circumstances the appellants contend that the judgment from which they appeal is erroneous, because the evidence shows that they had no criminal intent and that they were justified in entering upon the property in view of the existing emergency.

Although section 12 of the Penal Code provides that the intent or intention is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused and that a malicious and guilty intention is presumed from the manner and deliberation with which an unlawful act is intended or committed, such presumption vanishes when it is shown that the act was committed without any guilty intention.

Although the purpose of section 519 *supra* is to protect rights of ownership against trespassers, yet if the facts are of such a nature as to manifest the absolute necessity of entering upon the property for the benefit of the community, it cannot be held that the said offense has been committed.

The right of ownership, which carries with it the right of exclusion, is not so absolute that it is not subject to certain exceptions in cases of necessity. I Lewis on Eminent Domain, p. 433. In the case of *Campbell* v. *Race*, 7 Cush. 408, 54 Am. Dec. 728, it was held that a traveler going upon adjoining property because the highway is made temporarily impassable is not guilty of trespass if he does no unnecessary damage, and the opinion goes on to say—

"To hold a party guilty of a wrongful invasion of another's rights, for passing over land adjacent to the highway, under the pressure of such a necessity, would be pushing individual rights of property to an unreasonable extent, and giving them a protection beyond that which finds a sanction in the rules of law. Such a temporary and unavoidable use of private property must be regarded as one of those incidental burdens to which all property in a civilized community is subject. In fact, the rule is sometimes justified upon the ground of public convenience and necessity. Highways being established for public service, and for the use and benefit of the whole community, a due regard for the welfare of all requires, that when temporarily obstructed, the right of travel should not be interrupted. In the words of Lord Mansfield: 'It is for the general good that people should be entitled to pass in another line.' It is a maxim of the common law, that where public convenience and necessity come in conflict with private right, the latter must yield to the former."

This reasoning is applicable to the present case because the evidence at the trial showed that the appellants were under the necessity of restoring the electric current without loss of time, both to enable the bakeries to operate their motors for supplying the public with bread and in order that the towns might not remain another night without light, as well as to prevent possible loss of human lives by reason of the fusion and falling of the wires charged with deadly electricity. We consider the circumstances of this case sufficient to justify our holding that the appellants were under the absolute necessity of entering upon the property of Bird in order to remove immediately the fronds which short-circuited the electric wires, for the benefit of the community, inasmuch

as private interests must yield to public convenience, and the necessity of entering upon the land of the prosecuting witness being proved, the evidence shows that they did not effect the entry with any guilty intention and therefore are in-. nocent of any violation of section 519 of the Penal Code and not liable to any penalty.

The judgment appealed from should be reversed and another rendered discharging the appellants.

*Reversed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.